**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

NICOLE TYLER,

Plaintiff,

v. Case No. 5:25-cv-313-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER[1]

## I. Status

Nicole Tyler ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of bipolar disorder, anxiety, depression, attention deficit hyperactivity disorder, obsessive-compulsive disorder, posttraumatic stress disorder, panic disorder, insomnia, arthritis, and chronic pain. Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed July 14, 2025, at 101, 107, 310. Plaintiff protectively filed an application for SSI on

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

January 29, 2024, alleging a disability onset date of November 30, 2023. Tr. at 241-50; see also Tr. at 254-61, 101, 107.[2] The application was denied initially, Tr. at 100, 101-05, 122-25, and upon reconsideration, Tr. at 106, 107-15, 133-35.[3]

On December 16, 2024, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.[4] Tr. at 44-73. On December 27, 2024, the ALJ issued a Decision finding Plaintiff not disabled since the date the SSI application was filed. See Tr. at 30-39.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief authored by her lawyer. See Tr. at 17-18 (Appeals Council exhibit list and order), 239-40 (request for review), 367 (brief). On March 14, 2025, the Appeals Council denied Plaintiff's request for review, Tr. at 14-16, thereby making the ALJ's Decision the final decision of the Commissioner. On May 14, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g), as

---

[2] Various summaries list other filing dates for the SSI application, but a protective filing date of January 29, 2024 is listed in the administrative transcript. Tr. at 101, 107.

[3] Some of these documents are duplicated in the administrative transcript. Citations are to the first time a document appears. The administrative transcript also contains evidence and adjudicative decisions pertaining to an earlier-filed claim for SSI that is not at issue here. Tr. at 78-88, 94-96, 97-98.

[4] The hearing was held via telephone with Plaintiff's consent. Tr. at 46,186-87, 189-90, 220-22.

incorporated by § 1383(c)(3), by timely[5] filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred by: 1) failing to properly evaluate the consultative psychological examining opinion of Richard J. Sassatelli, Ph.D. and the prior administrative medical findings of Brian McIntyre, Ph.D.; and 2) failing to properly consider Plaintiff's subjective complaints about how she is affected by her impairments. Plaintiff's Memorandum in Opposition to the Commissioner's Decision (Doc. No. 19; "Pl.'s Mem."), filed November 11, 2025, at 3-12. On January 12, 2026, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 24; "Def.'s Mem.") addressing Plaintiff's arguments.

After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of the opinion evidence (Plaintiff's issue one). On remand, this reconsideration may impact the Administration's consideration of the remaining issue on appeal. For this reason, the Court need not address the parties' arguments on that issue. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered

[5] Plaintiff sought and received additional time to file a civil action. Tr. at 1-2, 5.

on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 32-38. At step one, the ALJ determined Plaintiff "has not engaged in substantial

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

gainful activity since January 29, 2024, the application date." Tr. at 32 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the cervical spine, degenerative joint disease of the right shoulder, depression, anxiety, and attention deficit-hyperactivity disorder." Tr. at 32 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 32 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform light work as defined in 20 CFR [§] 416.967(b) except she can only occasionally climb and stoop, frequent[ly] balance, kneel, crouch, crawl, and reach with the right upper extremity. [Plaintiff] can occasionally interact with co-workers and the general public and frequently interact with supervisors.

Tr. at 35 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 37 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("39 years old . . . on the date the application was filed"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and

found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "Photocopy Machine Operator, "Electronics Worker," and "Bicycle Assembler II," Tr. at 37-38 (emphasis and citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . since January 29, 2024, the date the application was filed." Tr. at 38 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine

whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends the ALJ erred in evaluating the opinions and findings of examining psychological consultant Dr. Sassatelli and non-examining psychologist Dr. McIntyre. Pl.'s Mem. at 3-6. According to Plaintiff, the ALJ failed to consider the entirety of Dr. Sassatelli's opinion, and the ALJ did not sufficiently account for the limitations assigned by Dr. McIntyre despite finding it persuasive. Id. Responding, Defendant contends the ALJ did what was required regarding Dr. Sassatelli's opinion, and regarding Dr. McIntyre's opinion, "[t]he fact that [the ALJ] did not adopt every aspect . . . is no basis for remand." Def.'s Mem. at 6-10, 10.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and

Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[7] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and

[7] Plaintiff filed her application after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

(5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[8]

Here, Dr. Sassatelli examined Plaintiff and authored a report dated June 26, 2024. Tr. at 378-80. The report details Plaintiff's psychological history and background, behavioral observations and mental status, diagnoses, prognosis, ability for independent living, and ability for managing funds. Tr. at 378-80. Dr. Sassatelli diagnosed major depressive disorder, recurrent, moderate;

[8] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

generalized anxiety disorder; and attention deficit hyperactivity disorder, by history. Tr. at 380. He indicated Plaintiff's prognosis was "guarded." Tr. at 380.

Dr. McIntyre then reviewed the file and authored an opinion on July 9, 2024 as to Plaintiff's mental functioning, largely incorporating Dr. Sassatelli's findings. Tr. at 112-14. According to Dr. McIntyre, Plaintiff is moderately limited in the areas of accepting instructions and responding appropriately to criticism from supervisors and getting along with coworkers or peers without distracting them or exhibiting behavioral extremes. Tr. at 113.

The ALJ summarized the majority of Dr. Sassatelli's findings in discussing the medical evidence. Tr. at 36. When assessing the persuasiveness of the medical opinions and prior administrative medical findings, the ALJ only addressed Dr. Sassatelli's opinion as it related to Plaintiff's ability to manage her own funds, finding it "persuasive." Tr. at 37. As to Dr. McIntyre's opinion, the ALJ specifically addressed the assigned moderate limitations, finding them also "persuasive." Tr. at 37.

Despite purportedly finding both of these opinions to be persuasive, the ALJ failed to adequately account for them in the RFC, which limited Plaintiff from a mental standpoint only to "occasionally interact[ing] with co-workers

and the general public and frequently interact[ing] with supervisors."[9] Tr. at 35 (emphasis omitted). See Joel B. v. Comm'r of Soc. Sec. Admin., No. 2:20-cv-110-JCF, 2022 WL 16709722, at *8 (N.D. Ga. Feb. 15, 2022) (quotations omitted) (finding an ALJ erred in failing to adequately explain how a limitation to "frequent contact with supervisors" and "occasional contact with the public and co-workers" accounted for "a moderate limitation in Plaintiff's ability to accept instructions and respond appropriately to criticism from supervisors"); see also, e.g., Bowker v. Bisignano, No. 1:24-cv-1174-MIS-KK, 2026 WL 205478, at *8 (D.N.M. Jan. 26, 2026) (report and recommendation), adopted, 2026 WL 374350, at *1 (D.N.M. Feb. 10, 2026) (internal quotation omitted) (collecting cases and finding that "[l]imiting a claimant to frequent interactions with supervisors and coworkers does not adequately account for moderate limitations in the claimant's abilities to accept instructions and respond appropriately to criticism from supervisors and to get along with coworkers or peers without distracting them or exhibiting behavioral extremes"). Nor did the ALJ sufficiently explain why these limitations were not adopted. See, e.g., Weidlich v. Comm'r of Soc. Sec., 2023 WL 8015753, at *2 (11th Cir. 2023) (when

[9] Defendant argues the ALJ was not required to further address Dr. Sassatelli's report beyond the opinion about Plaintiff's ability to manage funds. Def.'s Mem. at 6-8. As support, Defendant contends the rest of the report does not constitute an "opinion" as defined by the Regulations. Regardless of whether it qualifies, the findings in the report were largely relied upon by Dr. McIntyre in rendering his opinion. Consequently, the ALJ's assigned RFC necessarily fails to properly account for both psychologists' respective findings and opinions.

an assigned RFC conflicted with a medical opinion that the ALJ found generally persuasive, finding "the absence of a clear explanation violates SSR 96-8p and constitutes reversible error"). The matter must be reversed and remanded for reconsideration of the opinions of Dr. Sassatelli and Dr. McIntyre.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reevaluate the opinions of examining psychological consultant Dr. Sassatelli and non-examining psychological consultant Dr. McIntyre regarding Plaintiff's mental limitations;

(B) If necessary, address Plaintiff's other argument in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 8, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record