**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

NICOLE TYLER,

Plaintiff,

v. Case No. 5:25-cv-313-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.
_______________________________/

**ORDER**

This cause is before the Court on Plaintiff's Unopposed Petition for Attorney Fees (Doc. No. 28; "Petition"), filed October 12, 2026. In the Petition, Plaintiff's counsel seeks an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $6,035.03. Petition at 1, 3. Plaintiff represents that Defendant does not oppose the relief requested. Id. at 2, 6.

Plaintiff's counsel indicates a total of 23.35 hours were expended in the representation of Plaintiff before the Court. Id. at 2; see also Doc. No. 28-1; "Itemization of Services Rendered by Attorney." Plaintiff requests an hourly rate of $258.46. Petition at 3. Plaintiff is seeking a higher hourly rate than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C.

§ 2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Petition and supporting documentation, the Court concludes an increase in inflation does justify a proportionate increase in attorneys' fees such that the amount requested is reasonable.[1]

Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. See Petition at Ex. 2 (Doc. No. 28-2; Fee Agreement). Regarding the assignment, Plaintiff represents the following:

> [A]fter the Court issues an order awarding EAJA fees, the Commissioner will determine whether Plaintiff owes a debt to the government. If the United States Department of the Treasury determines Plaintiff does not owe a federal debt, the government will accept Plaintiff's Assignment of EAJA fees and pay fees directly to Plaintiff's attorney.

Id. at 5-6.

In light of the foregoing, it is

**ORDERED**:

1. Plaintiff's Unopposed Petition for Attorney Fees (Doc. No. 28) is **GRANTED**.

---

[1] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited November 4, 2026). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, 325 F. Supp. 2d 1342, 1346 (M.D. Fla. 2002).

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney's fees in the amount of $6,035.03 pursuant to 28 U.S.C. § 2412(d).

3. The Commissioner may exercise the discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on November 4, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record